IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTHONY BLAKE LOWREY,<br><br>                              Plaintiff<br>                  VS.<br><br>SHERRIF JOE CHAPMAN, *et al.*,<br><br>                              Defendants | NO.  3:07-CV-121 (CDL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Before the court is the defendants' MOTION TO DISMISS the above-styled case. Tab #14. After being advised of his right to respond to the defendants' motion, plaintiff ANTHONY BLAKE LOWREY, who was incarcerated at the time he filed his Complaint, filed a Response as well as a Supplemental Response to the instant motion.  Tab #16 and Tab #17.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff LOWREY, at all times relevant to the events complained of in the above-captioned case, was an inmate in the custody of the Walton County Jail.  He has sued defendants SHERIFF JOE CHAPMAN, SGT. STUDDARD, and OFFICER THOMPSON alleging that these defendants violated his constitutional rights. Plaintiff raised numerous claims in his complaint, but these claims have since been limited by the court to three claims involving improper handling of plaintiff's legal mail and one claim involving a due process violation.[1]

As to the specific claims, plaintiff LOWREY avers (1) that he was not allowed to seal his out-going non-legal mail; (2) that it is the policy of Walton County Jail to censor all of the outgoing and incoming mail; (3) that several of his out-going non-legal letters and one incoming non-legal letter were confiscated;  and, (4) that defendant Thompson and defendant Studdard violated his right to be free from punishment without due process of law by placing him in lock down without a hearing.

---

[1] Various other claims and defendants were dismissed from the present suit on February 8, 2008. Tab #9.

In his COMPLAINT, plaintiff LOWREY seeks compensatory damages in the amount of three-hundred thousand dollars ($300,000) as well an order from the court holding the Walton County Jail administration accountable for their alleged abuse of authority. As previously noted, currently before the court is the defendants' MOTION TO DISMISS. This motion is supported by a brief. In the brief, the defendants' **sole contention** is that the entire action should be dismissed because the plaintiff's request for money damages is unsupported by any allegation of physical injury as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e (h).

## LEGAL STANDARDS
### MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on pet. for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### PRISON LITIGATION REFORM ACT

In relevant part, the PLRA states, *inter alia*:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, *for mental or emotional injury* suffered while in custody without a prior showing of physical injury.

42 U.S.C. 1997e(e) (emphasis added).

## DISCUSSION

As an initial matter, an examination of the record in this case shows that plaintiff LOWREY has not properly asserted any physical injury. Thus, it can be said that his claims, insofar as they seek compensatory/monetary relief, are improper at this time. Consequently, the forthcoming analysis will deal with those aspects of the remaining claims for which it can be said that the plaintiff seeks nominal damages.[2]

With regard to plaintiff LOWREY's First Amendment/free speech claims involving his non-legal mail, the requirements of stating a viable constitutional claim are straightforward. According to the Eleventh Circuit, an inmate "need [not] allege any consequential injury (physical or otherwise) stemming from an alleged First Amendment violation aside from the violation itself" in order to state a claim. *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008). (Internal citations omitted). Thus, even if a plaintiff cannot prove an actual injury sufficient to entitle him to *compensatory* damages, the mere demonstration that his First Amendment rights have been violated may entitle him to an award of *nominal* damages. Accordingly, with regard to the "mail claims" in the instant case, plaintiff has sufficiently stated a First Amendment claim at least insofar as the claims allege his mail was improperly confiscated and/or withheld. As such complete dismissal of these claims would be improper.

A similar analysis is employed in evaluating the plaintiff's cruel and unusual punishment claim. Here again, plaintiff's allegations of the defendants' actions, if true, state a violation of his fundamental constitutional right to be free from cruel and unusual punishment. As such, should the plaintiff successfully demonstrate that such a violation occurred, he would be entitled to *nominal* damages. Accordingly, complete dismissal of this claim would also be improper at this time.

---

[2] The undersigned finds that although LOWREY did not use the term "nominal damages" in his prayer for relief, he seeks such relief as would vindicate his rights and call attention to the fact that defendants failed to observe them - in other words - nominal damages.

In accordance with the foregoing, the undersigned RECOMMENDS that the defendants' MOTION TO DISMISS be PARTIALLY GRANTED insofar as it seeks dismissal of the plaintiff's claims for *compensatory* damages. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED this 13th day of NOVEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE