IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTHONY BLAKE LOWREY,<br><br>            Plaintiff<br>   VS.<br><br>JOE CHAPMAN, SHERIFF, *et al.*,<br><br>            Defendants | NO.  3:07-CV-121 (CDL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Plaintiff Anthony Blake Lowrey brought the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that during the time he was held as a pretrial detainee in the Walton County Georgia Jail, defendants Sheriff Joe Chapman, Sergeant Studdard, and Officer Thompson refused to allow him to seal his outgoing mail, censored his incoming and outgoing non-legal mail, confiscated several outgoing and one incoming item of non-legal mail, and placed him in lock-down without a hearing.  In response, the defendants filed a motion seeking summary judgment.  Tab #30.  Their motion is supported by a brief, a statement of material facts, affidavits, and other documentary evidence.  The plaintiff has responded to the motion (Tab #33 and Tab #34) and the defendants have replied thereto (Tab #40).  The motion is now ripe for review.

## LAW OF SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*

*(c) Time for a Motion, Response, and Reply; Proceedings.*

> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>
> > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> >
> > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> >
> > *(C) the movant may file a reply within 14 days after the response is served.*
>
> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION

In their motion seeking summary judgement, the defendants advance several arguments any one of which they contend entitles them to judgement as a matter of law. These arguments include allegations that the plaintiff failed to exhaust his administrative remedies and failed to state a claim for which relief may be granted as well as an assertion of qualified immunity. In response, plaintiff Lowrey claims that he exhausted all administrative remedies which were available to him, that his complaints state viable constitutional claims, and that the defendants have waived any protection that they may have been afforded by the doctrine of qualified immunity.

Having carefully considered the arguments of the parties, the record in this case, and the relevant legal standards, the undersigned first observes that the plaintiff has essentially three remaining claims, to-wit: assertions of (1) unlawful non-legal mail inspection, (2) unlawful non-legal mail confiscation, and (3) a due-process violation arising from his allegedly being held in lock-down without a hearing. Also of note is the fact that the plaintiff has failed to allege any physical injury. As such, pursuant to the relevant provisions of the Prison Litigation Reform Act, the only relief potentially available to the plaintiff would be an award of nominal damages. In light of the above, the undersigned will begin by addressing the plaintiff 's claims related to his non-legal mail.

---

[1]*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

In stating his mail censorship claim, the plaintiff asserts that the defendants' practice of inspecting all non-legal mail violates his constitutional rights. In response, the defendants contend that the practice is lawful. The defendants are correct. See *Taylor v. Sterrett*, 532 F.2d 462, 480-481 (5th Cir. 1976). Accordingly, this claim must fail.

In his second mail-related claim, plaintiff Lowrey contends that the defendants confiscated several outgoing and one incoming item of his non-legal mail. In response, the defendants argue that plaintiff's unsupported conclusory allegations involving mail confiscation are not sufficient to establish a constitutionally viable claim. The defendants are correct. In this claim, and upon the basis that certain letters he mailed and one letter mailed to him were never returned and/or received, plaintiff concludes that the defendants must have confiscated the items. This unsupported and conclusory allegation, without more, is simply insufficient to state a constitutional claim.

With respect to the lock-down claim, Lowrey alleges that, after refusing to comply with a request to secure his cell door, he was locked down for seventy-seven (77) hours without due process. In response, the defendants point to affidavits indicating that the plaintiff was never placed in punitive segregation. They then argue that even if the plaintiff had been, the relatively short duration of such a confinement would be insufficient to implicate his due process rights. In support of this assertion, the defendants cite to, *inter alia*, the case of *Sandin v. Conner*, 515 U.S. 472, 494 (1995) wherein the Court held that no liberty interest was implicated when a prisoner was placed in segregated housing for a period of thirty (30) days. In any event, and in view of the plaintiff's conceded refusal to follow directions given him by jail staff, it appears to the undersigned that the plaintiff's due process claim is insufficient.

For the reasons stated above, the undersigned finds that the defendants are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that the defendants' motion seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 23rd day of FEBRUARY, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE